# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 6, 2011          Decided February 21, 2012

No. 10-5393

TALAL AL-ZAHRANI AND NASHWAN ALI ABDULLAH
AL-SALAMI,
APPELLANTS

v.

ESTEBAN RODRIGUEZ, DIRECTOR, JOINT INTELLIGENCE
GROUP, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-00028)

*Pardiss Kebriaei* argued the cause for appellants.  With her
on the briefs were *Gitanjali  S. Gutierrez*, *Shayana D. Kadidal*,
and *William Goodman*.

*Robert M. Loeb*, Attorney, U.S. Department of Justice,
argued the cause for appellees.  With him on the brief were *Tony
West*, Assistant Attorney General, and *Barbara L. Herwig*,
Attorney.

Before: SENTELLE, *Chief Judge*, WILLIAMS and RANDOLPH,
*Senior Circuit Judges*.

Opinion for the Court filed by *Chief Judge* SENTELLE.

SENTELLE, *Chief Judge*:  Appellants Talal Al-Zahrani and Ali Abdullah Ahmed Al-Salami, as representatives of the estates of their deceased sons, brought this action against federal officials and employees in district court seeking money damages relating to the alleged mistreatment and eventual death of those sons while they were detained at Guantanamo Bay Naval Base, Cuba.  The district court granted the motion of the United States to be substituted as defendant and the motion of the United States for dismissal of the claims.  Following the district court's denial of appellants' motion for reconsideration, they brought the current appeal.[1]  Because we are satisfied that neither the district court nor this court has jurisdiction over the subject matter of this action due to the jurisdictional bar created by § 7(a) of the Military Commissions Act (MCA), codified at 28 U.S.C. § 2241(e), we affirm the judgment of dismissal, although on different grounds than those relied upon by the district court.

## Background

### *Factual History*

While the parties are in disagreement over the precise events that led to the deaths of appellants' decedents, much of the general background is undisputed.  Beginning in January of 2002, Yasser Al-Zahrani, Jr., a citizen of Saudi Arabia, and Salah Ali Abdullah Ahmed Al-Salami, Jr., a citizen of Yemen, were detained at the United States military base at Guantanamo Bay, Cuba, as "enemy combatants."  In 2004, under the then-current procedure of the United States military, Combatant Status Review Tribunals reviewed the detention of the two and

---

[1]While the appeal was pending, Nashwan Al-Salami, Al-Salami's brother, was substituted for his father.

confirmed the earlier determination that both detainees were enemy combatants. On June 10 of 2006, both men, along with a third detainee, died. Although the cause of death is the subject of dispute in the current litigation, a Naval Criminal Investigative Service report concluded that the deaths were the result of suicide by hanging.

On January 7, 2009, the plaintiffs, as fathers of the two named decedents, filed an action against the United States, twenty-four named, current, or former officials of the United States, and one hundred unnamed "John Doe" officials of the United States, seeking money damages relating to the deaths of the two detainees and alleging that the defendants had subjected the decedents to torture, arbitrary detention, and ultimately, wrongful death. The defendants moved for the dismissal of plaintiffs' by-then amended complaint. The district court dismissed the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted.

For the reasons more fully set forth below, we affirm the judgment of dismissal, although we further hold that the dismissal is for a lack of jurisdiction rather than the failure to state a claim for relief.

**Analysis**

Federal courts are courts of limited subject-matter jurisdiction. A federal court created by Congress pursuant to Article III of the Constitution has the power to decide only those cases over which Congress grants jurisdiction. *Micei Int'l v. Dep't of Commerce*, 613 F.3d 1147, 1151 (D.C. Cir. 2010). As a federal appellate court, we have a "special obligation" to satisfy ourselves of our own jurisdiction and that of the lower court whose decision we are reviewing, even if the parties (and

the district court) are willing to assume it. *Bender v. Willamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Congress has expressly deprived the federal courts of jurisdiction over cases like the one before us.

Specifically, plaintiffs filed a multi-count complaint as representatives of the estates of their relatives against the United States and "a host of government officials" alleging claims under the Alien Tort Statute, 28 U.S.C. § 1350 (2006); the Federal Torts Claims Act, 28 U.S.C. §§ 2671-2680; and the Fifth and Eighth Amendments to the United States Constitution. *See Al-Zahrani v. Rumsfeld*, 684 F. Supp. 2d 103, 105 (D.D.C. 2010). The United States moved to substitute itself as defendant in the tort claims under the Westfall Act, 28 U.S.C. § 2679, which provides for the exclusivity of remedy against the United States under the Federal Torts Claims Act and thereby establishes immunity from individual liability on the part "of any employee of the Government while acting within the scope of his office or employment . . . ." Section 2679(b)(1).

All defendants moved for dismissal of all claims for the failure of the complaint to state a claim within the jurisdiction of the United States District Court, asserting both a lack of jurisdiction and a failure of the pleadings to state a claim. The District Court, while recognizing that the "plain language of [28 U.S.C. § 2241(e)(2)] precludes jurisdiction over claims by aliens who 'ha[ve] been determined' to be enemy combatants by the United States," decided to avoid the constitutional implications it saw in the jurisdictional question and instead reached the merits of the complaint and entered a dismissal under Rule 12(b)(6). *Al-Zahrani*, 684 F. Supp. 2d at 110. Plaintiffs appealed. For the reasons set forth below, while we agree with the District Court that the case must be dismissed, we do so on jurisdictional rather than merits-related grounds.

5

A.

As we stated above, the federal courts are courts of limited subject-matter jurisdiction. For a case or controversy to fall within the authority of an inferior court created under Article III of the Constitution, the Constitution must have supplied to the courts the capacity to take the subject matter and an Act of Congress must have supplied jurisdiction over it. *See Micei Int'l v. Dep't of Commerce*, 613 F.3d 1147, and authorities discussed therein. Because a federal court without jurisdiction cannot perform a law-declaring function in a controversy, "the Supreme Court [has] held 'that Article III jurisdiction is always an antecedent question' to be answered prior to any merits inquiry." *Public Citizen v. U.S. District Court for the District of Columbia*, 486 F.3d 1342, 1346 (D.C. Cir. 2007) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). Therefore, rather than proceed to weigh the adequacy of the complaint to state a claim, as did the District Court, we first examine the jurisdiction of the courts to entertain plaintiffs' claims and find that jurisdiction wanting.

In October of 2006, Congress enacted the Military Commissions Act. Section 7 of the MCA included an amendment to the habeas corpus statute. The amended statute reads:

> (1) No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

> (2) Except as provided in [section 1005(e)(2) and (e)(3) of the Detainee Treatment Act of 2005], no court, justice, or

judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

28 U.S.C. § 2241(e)(1) and (2).

The present litigation rather plainly constitutes an action other than habeas corpus brought against the United States and its agents relating to "aspect[s] of the detention . . . treatment . . . [and] conditions of confinement of an alien" as described in the MCA. Therefore, as the District Court noted, this action is excluded from the jurisdiction of this court by the "plain language" of an Act of Congress. This ends the litigation and requires that we affirm the dismissal of the action.

We have previously held in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), that the Act means what it says. It is true that the Supreme Court, in its review of our decision in *Boumediene*, found § 7 of the MCA to be constitutionally defective. *Boumediene v. Bush*, 553 U.S. 723, 787-92 (2008). However, the *Boumediene* appeal involved a decision applying the first subsection of § 7 governing and barring the hearing of applications for writs of habeas corpus filed by detained aliens. The Supreme Court's conclusion that the statute unconstitutionally stripped the courts of jurisdiction to review habeas corpus petitions relied on the Suspension Clause of the Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Subsection 2 of the MCA, which governs and bars the present litigation, has no effect on habeas jurisdiction. The Suspension

Clause is not relevant and does not affect the constitutionality of the statute as applied in "treatment" cases. We have said as much already. In *Kiyemba v. Obama*, 561 F.3d 509, 512 n.1 (D.C. Cir. 2009), we noted that the Supreme Court's reference to § 7 in *Boumediene* did not specify a particular subsection of 28 U.S.C. § 2241(e), "but its discussion of the Suspension Clause clearly indicates it was referring only to that part of § 7 codified at § 2241(e)(1)." We reiterate our reasoning from *Kiyemba*. In that case, we recognized that the Supreme Court's decision in *Boumediene* had stricken the bar to federal court jurisdiction over habeas claims, but as we noted above, further recognized that the reasoning of the Supreme Court applied only to the stripping of habeas jurisdiction. "[O]rdinarily a court should invalidate as little of an unconstitutional statute as necessary to bring it into conformity with the Constitution." *Kiyemba*, 561 F.3d at 512. We therefore presume that the Supreme Court used a scalpel and not a bludgeon in dissecting § 7 of the MCA, and we uphold the continuing applicability of the bar to our jurisdiction over "treatment" cases.

B.

Appellants argue that § 2241(e)(2)'s jurisdictional bar is unconstitutional because it fails to provide a proper remedy for violations of their constitutional rights. But the only remedy they seek is money damages, and, as the government rightly argues, such remedies are not constitutionally required. The Supreme Court has made this eminently clear in its jurisprudence finding certain of such claims barred by common law or statutory immunities, and applying its "special factors" analysis in preclusion of *Bivens* claims. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 392 (1971); *see also Hui v. Castaneda*, 130 S. Ct. 1845, 1852 (2010); *Harlow v. Fitzgerald*, 457 U.S. 800, 816-17 (1982); *Chappell v. Wallace*, 462 U.S. 296, 304 (1983). Further,

the Court applies that analysis to preclude *Bivens* claims even in cases such as the present one, where damages are the sole remedy by which the rights of plaintiffs and their decedents might be vindicated. For example, in *United States v. Stanley*, the Court refused to create a *Bivens* cause of action for a military serviceman who had been secretly administered doses of LSD; in doing so, the Court noted that it was "irrelevant to [the analysis] whether the laws currently on the books afford Stanley . . . an 'adequate' federal remedy for his injuries." 483 U.S. 669, 683 (1987); *see also id.* at 690 (Brennan, J., concurring in part and dissenting in part) (noting that the Court's decision had deprived plaintiffs like Stanley of their only effective remedy, because "for these victims, 'it is damages or nothing.'" (quoting *Bivens*, 403 U.S. at 410 (Harlan, J., concurring))). As we have recently said, "Not every violation of a right yields a remedy, even when the right is constitutional." *Kiyemba v. Obama*, 555 F.3d 1022, 1027 (D.C. Cir. 2009), *reinstated as amended by Kiyemba v. Obama*, 605 F.3d 1046 (D.C. Cir. 2010). In light of this, we see no basis on which to invalidate Congress's decision to foreclose such claims as plaintiffs'.

## Conclusion

For the reasons set forth above, we hold that 28 U.S.C. § 2241(e)(2) deprives this court of jurisdiction over appellants' claims. We further hold that the Supreme Court did not declare § 2241(e)(2) unconstitutional in *Boumediene* and the provision retains vitality to bar those claims. We therefore conclude that the decision of the District Court dismissing the claims should be affirmed, although for a lack of jurisdiction under Rule 12(b)(1) rather than for failure to state a claim under Rule 12(b)(6).

*It is so ordered.*