Saifullah PARACHA, Detainee, Guantanamo Bay Naval Station, Petitioner–Appellant

v.

Donald J. TRUMP, President of the United States of America, et al., Appellees

No. 16–5248

September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

FILED: APRIL 25, 2017

Gaillard T. Hunt, Law Office of Gaillard T. Hunt, David Harry Remes, Appeal for Justice, Silver Spring, MD for Petitioner–Appellant.

Matthew M. Collette, Michael Shih, U.S. Department of Justice, Washington, DC, for Appellees.

Before: Kavanaugh, Circuit Judge, and Ginsburg and Randolph, Senior Circuit Judges.

## JUDGMENT

PER CURIAM

This appeal of a final judgment of the United States District Court for the District of Columbia was presented to the court, briefed, and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be **AFFIRMED.**

Appellant Saifullah Paracha, a Guantanamo detainee, appeals from the district court's denial of his motion for summary judgment on his bills of attainder claims. Paracha made those claims in the course of his habeas corpus proceeding. The court denied them for lack of standing and of subject matter jurisdiction. *Paracha v. Obama*, 194 F.Supp.3d 7, 11 (D.D.C. 2016). We review de novo the judgment of the district court. *Foretich v. United States*, 351 F.3d 1198, 1209 (D.C. Cir. 2003); *Janko v. Gates*, 741 F.3d 136, 139 (D.C. Cir. 2014).

In *Boumediene v. Bush*, 553 U.S. 723, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008), the Supreme Court held unconstitutional a provision of the Military Commissions Act (MCA) that withdrew jurisdiction from any "court, justice, or judge ... to hear or consider an application for a writ of habeas corpus" filed by a detainee determined to be an enemy combatant. *See* Pub. L. No. 109–366, § 7(a), 120 Stat. 2600, 2635–36 (2006) (codified at 28 U.S.C. § 2241(e)(1)). *Boumediene*, however, left intact a parallel provision of the MCA, 28 U.S.C. § 2241(e)(2), that withdraws jurisdiction over any action other than habeas raised by a detained alien who "has been determined by the United States to have been properly detained as an enemy combatant." *Al–Zahrani v. Rodriguez*, 669 F.3d 315, 319 (D.C. Cir. 2012) (quoting 28 U.S.C. § 2241(e)(2)). We have repeatedly upheld the constitutionality of this provision insofar as it withdraws jurisdiction over "*any* detention-related claims, whether statutory or constitutional," that do not sound in habeas. *Janko*, 741 F.3d at 146; *Jawad v. Gates*, 832 F.3d 364, 370–71 (D.C. Cir. 2016). Despite their appearance in the Government's brief, Paracha did not ac-

knowledge the substance of these precedents in his briefs and, when prompted at oral argument, offered no basis for distinguishing them from his case.

Although filed as a motion for summary judgment in his pending habeas petition, Paracha's bill of attainder claims do not "sound in habeas" in that his success on the merits of those claims would not alter the fact, duration, or conditions of his confinement. *See Aamer v. Obama,* 742 F.3d 1023, 1032 (D.C. Cir. 2014). Furthermore, the Government has determined that Paracha is an enemy combatant. Therefore § 2241(e)(2) applies and strips the courts of jurisdiction to hear his non-habeas claims.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.